# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CORNELIUS L. MAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )    Cause No.: 2:08-CV-172 |
| | ) |
| GALE TSCHUOR COMPANY, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the court on the Verified Motion to Set Aside Default, which was filed by Defendant Gale Tschuor Company, Inc. ("defendant" or "Tschuor Company") on October 14, 2008. Docket at 13. On that same date, defendant also filed a Motion for Leave to File Answer. Docket at 14. Plaintiff Cornelius L. May ("plaintiff" or "May") filed a response in opposition to the motion to set aside default on October 27, 2008. Docket at 19. Tschuor Company filed a reply brief on October 30, 2008. Docket at 25. For the reasons discussed in this Order, the motion to set aside default is GRANTED and the motion for leave to file an answer is also GRANTED. The Clerk of the Court is directed to file and docket Defendant's Answer with Affirmative Defenses, which was attached as Exhibit "A" to Defendant's Motion for Leave to File Answer.

## PROCEDURAL BACKGROUND

May initiated this action by filing his Complaint on June 9, 2008. Docket at 1. In his Complaint, May alleged that Tschuor Company is liable to him for personal injuries he sustained on or about June 30, 2006. *Id.*, ¶¶ 2-3. On August 20, 2008, since defendant had not responded to May's lawsuit, May filed a Motion for Clerk's Entry of Default. Docket at 4. The Clerk of

the Court entered a default on that same date. Docket at 5. On August 21, 2008, May filed a Motion for Default Judgment as to Liability and a Motion for Hearing on Damages. Docket at 6. The court granted that motion and set the matter for a hearing. Docket at 7. On September 19, 2008, an attorney filed a notice of appearance on behalf of Tschuor Company. Docket at 10. As stated at the outset, Tschuor Company now moves to set aside the default entered against it and seeks permission from the court to file its Answer in the case.

This case is less than six months old, but it has already been subject to many misfortunes, mishaps, and blunders both in and out of the court. Defendant is most responsible for creating the present mess, although plaintiff must accept at least a small portion of the blame. There is one bright spot. The parties' briefs concerning the motion to set aside the default judgment are well prepared, so there is hope that this case will proceed more smoothly and efficiently as it moves forward.

It is undisputed that Tschuor Company was served with the Summons and Complaint in this case on July 1, 2008, although that is about the only fact on which the parties agree at this point. In its motion to set aside the default, Tschuor Company states that "[t]he Complaint and Summons were directed to Alesia Walters, an employee of the Defendant." Defendant's Motion to Set Aside Default, p. 1; Affidavit of Alesia Walters, Docket at 15, ¶ 5. Ms. Walters informs the court that she "is not an attorney, nor does she have any formal legal training." Walters Affidavit, ¶ 3. Despite her lack of legal training, Ms. Walters did not immediately contact an attorney for assistance. Instead, she attempted to locate "information in Gale Tschuor's files regarding the plaintiff or the accident referenced in the Complaint." *Id*., ¶ 7. Unable to locate any such information, Ms. Walters "believed that Gale Tschuor had been named a Defendant in

2

error." Defendant's Motion to Set Aside Default, p. 2.

Tschuor Company also explains that at the time the Complaint was served, "the company was undergoing significant upheaval. . . . The president of the company had died in February of 2007, and the company was downsizing significantly in the wake of his death. . . . Furthermore, the Controller of the Defendant had recently been diagnosed with cancer, and was out of the office receiving treatment. . . . Accordingly, Walters was forced to undertake office duties with which she was not familiar." *Id.* As a consequence of these factors, states the defendant, no answer to the Complaint was filed. *Id.*

May then obtained his default judgment and served a copy of this court's default order on the defendant. "Immediately upon receiving the default pleadings and orders, Walters took steps to defend the Plaintiff's suit, including issuing . . . a Motion to Produce directed to Plaintiff's counsel." *Id.*; Walters Aff., ¶ 12. Ms. Walters, utilizing the internet and "her husband's experience with the civil legal system[.],"[1] obtained a form and served plaintiff's counsel with this discovery request. *Id.*, p. 3; Walters Aff., ¶ 11. In spite of the fact that the defendant had not filed an answer to the Complaint and no attorney had filed an appearance on the defendant's behalf, plaintiff's counsel responded to Ms. Walters' discovery request by providing her with certain documents relevant to May's claim. Walters Aff., ¶ 12. Once Ms. Walters received May's counsel's responses to her production request, she "realized that Gale Tschuor [Company] had not been sued by mistake, and took steps to obtain counsel to represent Defendant's

---

[1] Neither Tschuor Company nor Ms. Walters elaborates on Mr. Walters' "experience with the civil legal system." However, this "experience," while sufficient to enable Ms. Walters to formulate a discovery request, obviously was not sufficient to compel her to seek out an attorney for advice and assistance.

3

interests." *Id*. As a result of her efforts, a notice of appearance was filed on behalf of Tschuor Company on September 19, 2008, about two and a half months after the Complaint was served on the defendant and one month after May's motion for default judgment was granted.

As May is quick to point out, another month passed before defense counsel filed the present motion to set aside the default. Plaintiff's Response to Defendant's Verified Motion to Set Aside Default ("Plaintiff's Response"), docket at 19, p. 6. However, Tschuor Company offers an explanation for this delay also. The defendant's counsel, attorney Andrew L. Teel ("Teel"), states that "[o]n the same day he was retained to represent Gale Tschuor, September 19, 2008, [he] contacted Plaintiff's attorney, Lloyd Mullen, to discuss the possibility of setting aside the default . . ." Defendant's Motion to Set Aside Default, p. 3. Teel claims that "Attorney Mullen was out of the office, but Attorney Teel did speak with Steve, who identified himself as Attorney Mullen's paralegal. Attorney Teel explained the situation to Steve, and Steven advised that Attorney Mullen would contact Attorney Teel the following Monday." *Id*. Mr. Mullen allegedly did not call on that particular Monday, so "Attorney Teel attempted to contact Attorney Mullen the following week. Attorney Teel again explained the situation to the receptionist answering the telephone, [and] again Attorney Teel was informed that Attorney Mullen was out of the office, and again Attorney Teel was told that a message would be left for Attorney Mullen and that Attorney Mullen would be in contact." *Id*. Curiously (and significantly, as will be discussed below), the defendant states that "[t]o date, Attorney Mullen has never returned Attorney Teel's telephone calls with regard to this matter." *Id*.[2] Since the deadline for filing an

---

[2] Apparently the two men eventually found time to talk about this case, since on October 29, 2008, they filed a Report of [Federal] Rule 26(f) Planning Meeting in advance of the Federal Rule 16 Preliminary Pretrial Conference, which took place before U.S. Magistrate Judge Andrew

answer to May's Complaint had passed, and because he was unable to contact Mr. Mullen, Mr. Teel wisely moved forward, albeit somewhat belatedly, by filing the present motion to set aside the default judgment that was entered against Tschuor Company.

**DISCUSSION**

Once a default judgment has been entered against a party, that party can move to set aside the default by filing a motion pursuant to Fed.R.Civ.P. 60(b). The relevant portion of Rule 60(b) provides: "On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect ..." While relief pursuant to Rule 60(b) is an "extraordinary remedy and is granted only in exceptional circumstances," *McCormick v. City of Chicago,* 230 F.3d 319, 327 (7th Cir. 2000), "[t]his Circuit has a well established policy favoring a trial on the merits over a default judgment." *Sun v. Bd. of Tr. of Univ. of Ill.,* 473 F.3d 799, 811 (7th Cir. 2007). A default judgment is a "weapon of last resort, appropriate only when a party wilfully disregards pending litigation." *Id.* "Default judgments should generally be set aside where the moving party acts with reasonable promptness, alleges a meritorious defense to the action, and where the default has not been willful." *A.F. Dormeyer Co. v. M.J. Sales & Distrib. Co.,* 461 F.2d 40, 43 (7th Cir. 1984). The Rule 60(b) analysis has since developed into a three-part test which places the burden on the moving party to show (1) good cause or excusable neglect for the default, (2) quick action to correct the default, and (3) the existence of a meritorious defense to the original complaint. *Jones v. Phipps,* 39 F.3d 158, 162 (7th Cir. 1994). There is good cause for vacating the entry of a default judgment when refusing to do so would

---

P. Rodovich on November 7, 2008. *See* docket at 26.

amount to a sanction against a defendant disproportionate to any harm caused by the delay in responding to the plaintiff's complaint. *Id*.

Tschuor Company argues that its failure to file a timely answer to the Complaint was the result of excusable neglect, based on the situation the company, and Ms. Walters, faced at the time the Complaint was served. Tschuor Company maintains that "[r]ather than disregarding the pending litigation . . . [Ms. Walters] took all actions within her knowledge and ability." Motion to Set Aside Default, pp. 5-6. The company also argues that "[w]ithin days of receiving notice of the default, Walters was actively attempting to defend the case, going so far as to issue discovery to the plaintiff." *Id*., p. 7. Tschuor Company then reiterates that as soon as Mr. Teel was retained, he made efforts to contact Mr. Mullen to discuss the case. *Id*. Finally, the company maintains that "it is clear that the Plaintiff has not been prejudiced by any delay in addressing the default judgment," since the court originally set a damages hearing for September 22, 2008, and "it was the Plaintiff who moved to continue the hearing on the grounds that he was unprepared." *Id*. (citing Plaintiff's First Motion to Reset Damages Hearing, docket at 9). For these reasons, Tschuor Company argues that its failure to file a timely answer in this case should be excused.

May counters one point made by Tschuor Company involving the service of the Summons and Complaint. May points out that while the defendant claims that the Summons and Complaint were "directed to" Ms. Walters, it was actually Mr. Michael Tschuor, a senior vice president of the company, who signed the return receipt for the documents. Plaintiff's Response, pp. 2 and 4; *see also*, Plaintiff's Exhibit 1 (copy of U.S. Postal Service Certified Mail receipt signed by Michael Tschuor on July 1, 2008). Therefore, May contends that Tschuor Company's

assertion that the Summons and Complaint were directed to an administrative employee of the defendant is disingenuous. According to May, "the Defendant chose Ms. Walters to address the issue," thereby "putting the tasks of an attorney" on an already allegedly overburdened employee. *Id*., p. 4. May contends that these actions "were willful, careless and negligent . . ." *Id*.[3]

The court believes that the actions of the defendant, through its agents Mr. Tschuor and Ms. Walters, were certainly unwise. Once they were served with the Summons and Complaint they should have contacted an attorney in a timely manner, despite Ms. Walters's professed belief that the company had been sued "in error." Ms. Walters's attempt to conduct discovery without the benefit of any legal training was also not a wise move. Nonetheless, it is important to remember that May responded to that discovery request and so was aware that the defendant was responding to the lawsuit, even though the response was rather unconventional and procedurally defective (in that no answer was filed). Also, May does not address the defendant's assertion that attorney Teel attempted to contact attorney Mullen on more than one occasion and his calls were not returned. Thus, as the court stated above, the plaintiff must bear some

---

[3] In its reply brief, Tschuor Company also claims that service of the Summons and Complaint in this case was improper even though it was received by Michael Tschuor. The defendant cites Fed.R.Civ.P. 4(e)(2) and states that May "had a duty to serve the registered agent for service of process" and that the "corporation's registered agent is not Michael Tschuor, but instead the Estate of Dale C. Tschuor." Defendant's Reply, p. 4. This fact might be relevant if defendant was claiming that due to improper service it had no knowledge of the lawsuit. But the defendant *was* aware of the lawsuit and even attempted to address it when Ms. Walters looked into the matter and later issued her discovery request to plaintiff. Recently, the parties prepared and filed a joint planning meeting report and participated in a Rule 16 preliminary pretrial conference, during which the court set various discovery and motion deadlines. Therefore, the court concludes that any arguable procedural deficiency concerning service of process in this case was inconsequential.

responsibility for the tardiness of the filing of the motion to set aside the default judgment. While the defendant's employees or agents clearly did not handle things very well once they were served with the Complaint, incompetence is different from willfully or intentionally ignoring a lawsuit. Therefore, the court concludes that Tschuor Company's actions in the initial stages of this lawsuit did not constitute the sort of willful or inexcusable neglect that would warrant the extreme penalty of depriving the defendant of an opportunity to defend this case on its merits.

Tschuor Company also argues that the default judgment should be set aside because the company has a meritorious defense to May's lawsuit. The defendant claims that "[b]y Plaintiff's own account, the accident in question was the result of his own carelessness: Plaintiff slipped and fell while removing a suction hose. The worker's compensation carrier that paid Plaintiff's claim, a party with a clear interest in attributing fault to a third party by virtue of its potential subrogation rights, determined that no third party was involved. . . . Where there is no evidence that the Defendant's employees were involved in the Plaintiff's accident, there certainly is no basis under Indiana law to hold the Defendant liable." Motion to Set Aside Default Judgment, p. 8.

Tschuor Company is referring to documents Ms. Walters received from the plaintiff in response to her discovery request. Ms. Walters states that as a result of her discovery request, she "secured documentation from . . . the Plaintiff's employer, Godwin Pumps, related to the incident and the Plaintiff's application for worker's compensation benefits. . . . That according to those documents, the Plaintiff told his supervisor that he was 'loading his truck, lost footing and balance causing him to fall to the ground.'" Walters Aff., ¶¶ 13 and 14 (quoting from

defendant's Exhibit B, Worker's Compensation Claim Note of Cornelius May dated October 2, 2007). Walters states that "neither Gale Tschuor nor any employee of Gale Tschuor is ever referenced in the documents obtained from Godwin Pumps." *Id*., ¶ 15. Finally, Walters states that "the worker's compensation carrier specifically concluded '[t]here is no subro potential as the claimant was pulling a suction hose when he lost his balance causing him to fall. No third party was involved.'" *Id*., ¶ 16 (quoting from Exhibit B). Consequently, argues the defendant, Tschuor Company has a meritorious defense to May's claim in this case and the default judgment should be set aside for that reason also.

May responds by arguing that his "Complaint, and his Affidavit attached hereto clearly demonstrate . . . [that plaintiff's account of the incident was] that his fall and the resulting injuries were caused by the negligence of an agent of Defendant company." Plaintiff's Response, p. 7 (referencing plaintiff's Exhibit 5, Affidavit of Cornelius May). In his affidavit, May states that "on or about June 30, 2006," . . . "while I was adjusting a suction hose on the back of a flatbed truck, an employee of The Gale Tschuor Company, Inc., jolted the cargo on the flatbed truck through his negligent operation of his forklift, causing me to fall." May Aff., ¶¶ 2 and 3. And, as May points out, his Complaint also clearly asserts that certain actions of an employee of Tschuor Company caused the injuries of which he complains. Complaint, docket at 1. May argues that "nowhere [in the worker's compensation documents Ms. Walters references] is it stated that Plaintiff told this to his supervisor. The documents do state that he lost his balance while repositioning a suction hose, but do not say how in fact he lost his balance. It should also be noted that Plaintiff never signed the Accident Report attached as Exhibit 'B' to Defendant's Motion." Plaintiff's Response, p. 8. May also argues that Ms. Walters "has no first

9

hand knowledge" concerning the worker's compensation carrier's conclusion that "'there is no subro potential . . . no third party was involved.'" *Id.*, (quoting Walters Aff.). As a result, argues May, this evidence is nothing more than inadmissible hearsay and does not support Tschuor Company's asserted meritorious defense. *Id.*

Tschuor Company argues in its reply brief that "plaintiff presents no authority which would support the contention that evidence presented at this point must even be in a form that would be admissible in evidence at trial." Defendant's Reply, p. 8. The defendant also argues that "the documents attached to Walters' Affidavit are covered under the 'residual exception' to the hearsay rule" since they are cloaked in "'equivalent circumstantial guarantees of trustworthiness' [and are] 'evidence of a material fact.'" *Id.*, p. 9 (quoting Fed.R.Evid. 807). Tschuor Company claims that its burden, for purposes of its motion to set aside the default judgment, is "only to submit to the Court a defense that 'raises a serious question regarding the propriety of default judgment.'" *Id.*, p. 10 (quoting *Jones v. Phipps*, 39 F.3d 158, 165 (7th Cir. 1994)). Finally, Tschuor Company states that "[i]t is important to note that this not a summary judgment proceeding, in which the Defendant would have the burden of demonstrating that there are no genuine issues of material fact." *Id.*

A party moving to set aside a default judgment raises a meritorious defense by stating facts in its brief that could, if believed by the trier of fact, provide the defendant with a defense to the plaintiff's claims. *Sims v. EGA products, Inc.,* 2004 WL 5550489 *8 (N.D. Ind. Oct. 5, 2004). "A meritorious defense is not measured by actual likelihood that [the defendant] will prevail on its proffered defenses, but rather '[a] defense is meritorious if it is [sufficient at law] to give the factfinder some determination to make.'"*Id.* (quoting *Bieganek v. Taylor,* 801 F.2d

879, 882 (7th Cir. 1986)).  In this instance, the court is not concerned with whether Tschuor Company's evidence would ultimately be admissible at trial, or whether the documents the defendant presents accurately represent May's version of the incident giving rise to this lawsuit. The issue at this point in the litigation is only whether the defendant's claimed evidence raises a triable fact issue.  The court determines that it does.  The evidence presented by Tschuor Company goes to the heart of this case, that is, whether the defendant is liable, in whole or in part, for any injuries sustained by May.  In that respect, the evidence constitutes a meritorious defense.

## CONCLUSION

For the reasons set forth in this Order, the Verified Motion to Set Aside Default filed by Defendant Gale Tschuor Company, Inc. is GRANTED and the Motion for Leave to File Answer, also filed by Defendant, is GRANTED.  The Clerk of the Court is directed to file and docket Defendant's Answer with Affirmative Defenses, which was attached as Exhibit "A" to Defendant's Motion for Leave to File Answer.  **The damages hearing set for December 1, 2008, is hereby vacated.**
.

Entered: November 24, 2008.

    /s/   William C. Lee
    William C. Lee, Judge
    United States District Court
    Northern District of Indiana