UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| CORNELIUS L. MAY, | ) |
| Plaintiff | ) ) ) |
| v. | ) Case No. 2:08 cv 172 |
| GALE TSCHUOR COMPANY, INC., | ) ) ) |
| Defendant | ) ) |

OPINION AND ORDER

This matter is before the court on the Verified Motion for Sanctions [DE 46] filed by the defendant, Gale Tschuor Company, Inc., on July 8, 2009. For the following reasons, the motion for Rule 11 sanctions is **GRANTED.**

Background

On November 7, 2008, the court ordered the plaintiff, Cornelius May, and the defendant, Gale Tschuour Company, to mediate their dispute pursuant to the Report of Parties' Planning Meeting filed on October 29, 2008. The court appointed John Whiteleather as the mediator. On December 4, 2008, the mediator informed the parties that the mediation was scheduled for June 11, 2009, providing the parties with six months notice.

Mediation was scheduled to begin at 9:00 a.m. that day. Defense counsel and the adjuster were present in the room on time. At approximately 9:45 a.m., the mediator informed defense counsel and the adjuster that May's attorney, Lloyd Mullen, would not be attending mediation. Although Mullen requested another

attorney, David Phillips, to act in his place, Phillips did not feel that he could ethically represent the plaintiff because of his late receipt of the file the night before the mediation. Therefore, May had no legal representation.

The parties dispute whether mediation occurred absent the presence of May's legal counsel. May asserts in his Response that the defendant made an offer of $7,500 that he rejected. However, Gale Tschuor represents that after Phillips said he was unwilling to represent May, the mediator asked both parties hypothetical questions regarding what they would have been willing to settle for had mediation occurred and the parties' offers differed significantly.

The parties also dispute whether defense counsel had prior knowledge that Mullen would not be present. Mullen claims that he informed defense counsel that he would not be present at the mediation and that defense counsel chose to proceed with the mediation despite this knowledge.

This case's docket reveals a history of noncompliance by May. His pretrial disclosures were submitted nearly seven months after the deadline and required the court to compel disclosure. May filed his Answers to Interrogatories approximately four months late and his response to a Request for Production nearly three months late. The court issued sanctions against May on May 5, 2009, and ordered him to pay attorney fees for his failure to submit discovery responses and Pretrial Disclosures until ordered by the court. On May 15, 2009, Gale Tschuor filed a notice of

noncompliance for the failure to pay the May 5 sanctions. The court ordered the sanctions paid within ten days of May 21, 2009.

Gale Tschuour now seeks sanctions against May and his counsel for their failure to mediate the claim pursuant to the November 7, 2008 court order.

## Discussion

"[A]n attorney who fails to appear for proceedings scheduled because of something they have filed, or who appears but is substantially unprepared to participate in those proceedings, may be sanctioned either through the court's inherent authority or through Rule 16(f) of the Federal Rules of Civil Procedure." *In re Martin*, 350 B.R. 812, 815 (N.D. Ind. 2006). Rule 16(f) provides in relevant part:

> On motion or on its own, the court may issue any just orders, including those authorized by Rule 37(b)(2)(A)(ii)-(vii), if a party or its attorney:
>
> * * *
>
> (C) fails to obey a scheduling or other pretrial order.

On November 7, 2008, the court ordered the parties to attend mediation. Therefore, Rule 16(f)(C) vests the court with the power to sanction Mullen for his failure to obey a scheduling or pretrial order. Mullen argues that sanctions cannot be imposed because the pre-trial order did not specifically require the plaintiff to have representation at the mediation as was ordered by the court. The cases defendant relies on specifically state that attendance at a mediation can be compelled. *See* ***Official***

*Airline Guides, Inc. v. Goss*, 6 F.3d 1385, 1396-97 (9th Cir. 1993) (finding that trial court did not abuse its discretion in issuing sanctions where parties failed to comply with order to have someone present with settlement authority or have attorneys present who have settlement authority); *Pitman v. Brinker Intern, Inc.*, 216 F.R.D. 481, 483 (D. Ariz. 2003) (issuing sanctions for failure to comply with order to have someone present at mediation with full authority to settle the case).

When the court issued its order, it intended for all parties to be present, including their representation. Because an attorney is required to appear at other court ordered conferences absent a court order specifically requiring his presence, Mullen should have been aware of his obligation to be present. Mullen's belated attempt to procure alternative representation for his client also indicates his awareness of his obligation to provide representation for his client at the mediation. By failing to appear or to arrange for a proxy, Mullen has disregarded a court order and caused Gale Tschuour unnecessary expense in preparing for mediation. "Actions which create such unnecessary costs and delays are clearly sanctionable." *In Re Hein,* 341 B.R. 903, 906 (N.D. Ind. 2006) (finding a party's failure to attend a pre-trial conference that could have resolved the issue created unnecessary costs and was subject to sanction). Whether defense counsel had prior knowledge of Mullen's absence is immaterial since Mullen was given six months notice of the mediation and had adequate time to find a replacement.

Given May's history of non-compliance throughout this case's litigation and his failure to comply with the court order for mediation without good cause, Gale Tschuour's motion for sanctions is GRANTED.  Although defendant asks the court to dismiss this case based on plaintiff's continual delays, "[d]ismissal is a harsh sanction and therefore its use should be limited." *Ladien v. Astrachan*, 128 F.3d 1051, 1057 (7th Cir. 1997).  Dismissal is granted only where there is a clear record of continual delay or contumacious conduct and less dramatic sanctions have failed to rectify the problem.  *Maynard v. Nygren*, 332 F.3d 462, 468 (7th Cir. 2003).  Although May and his counsel have a history of failing to meet deadlines, his conduct has not risen to the level to warrant dismissal.  Accordingly, Mullen is required to compensate the defendant for the preparation costs in the amount of $4,532.40, and this order imposing sanctions shall serve as the court's final warning before resort to sanctions of dismissal.

_____

For the foregoing reasons, the Verified Motion for Sanctions [DE 46] filed by the defendant, Gale Tschuor Company, Inc., on July 8, 2009, is **GRANTED.**  The court **ORDERS** sanctions in the amount of $4,532.40 to be paid by plaintiff's counsel, Lloyd Mullen, within 28 days of this order.

ENTERED this 6th day of November, 2009

                            s/ ANDREW P. RODOVICH
                              United States Magistrate Judge