# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION

| | |
|---|---|
| CORNELIUS L. MAY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   Cause No.: 2:08-CV-172 |
| | ) |
| GALE TSCHUOR COMPANY, INC., | ) |
| | ) |
|     Defendant. | ) |

## OPINION AND ORDER

This matter is before the court for resolution of several pending motions. Defendant Gale Tschuor Company, Inc. ("defendant" or "Tschuor") filed a motion for summary judgment on November 20, 2009 (docket at 59). Plaintiff Cornelius L. May ("plaintiff" or "May") filed a response in opposition to the motion on December 18, 2009 (docket at 64) and Tschuor filed a reply brief on January 4, 2010 (docket at 68).[1] Also on January 4, Tschuor filed a motion to strike (docket at 67), to which May responded on January 18 (docket at 69)[2] and Tschuor filed its reply on January 21 (docket at 73). Finally, May filed his own motion to strike on January 18 (docket at 70) and Tschuor responded to it on January 20 (docket at 71). May did not file a reply brief. Accordingly, all three motions are ripe for resolution. In addition, Godwin Pumps of America, Inc. ("Godwin"), May's employer at the time of the incident giving rise to this lawsuit, filed a Motion for Leave to Intervene on April 26, 2010 (docket at 75). As of the date of the entry of this Opinion and Order, Tschuor had filed a response in opposition to Godwin's motion

---

[1] In addition to these pleadings, the court also considered Tschuor's memorandum of law in support of its motion (docket at 60); Tschuor's designation of materials (docket at 61); and May's statement of genuine issues (docket at 66).

[2] For some reason, this responsive pleading was filed twice. Docket at 69 and 70. Those two documents are identical and it would appear that plaintiff's counsel filed it twice by mistake.

(docket at 76) but May had. The court concludes, however, that no further briefing is necessary to resolve Godwin's motion. For the reasons discussed below, defendant's motion for summary judgment is GRANTED; defendant's motion to strike is MOOT; plaintiff's motion to strike is DENIED; and Godwin Pump's motion to intervene is DENIED.

## SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in favor of the non-moving party. *See id.* at 255. However, neither the "mere existence of some alleged factual dispute between the parties," *id.,* 477 U.S. at 247, nor the existence of "some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586 (1986), will defeat a motion for summary judgment. *Michas v. Health Cost Controls of Ill., Inc.,* 209 F.3d 687, 692 (7th Cir. 2000).

Summary judgment is not a substitute for a trial on the merits nor is it a vehicle for resolving factual disputes. *Waldridge v. Am. Hoechst Corp.,* 24 F.3d 918, 920 (7th Cir. 1994). Therefore, after drawing all reasonable inferences from the facts in favor of the non-movant, if genuine doubts remain and a reasonable fact-finder could find for the party opposing the motion, summary judgment is inappropriate. *See Shields Enterprises, Inc. v. First Chicago Corp.,* 975

F.2d 1290, 1294 (7th Cir. 1992); *Wolf v. City of Fitchburg,* 870 F.2d 1327, 1330 (7th Cir. 1989). But if it is clear that a plaintiff will be unable to satisfy the legal requirements necessary to establish his or her case, summary judgment is not only appropriate, but mandated. *See Celotex,* 477 U.S. at 322; *Ziliak v. AstraZeneca LP,* 324 F.3d 518, 520 (7th Cir. 2003). A failure to prove one essential element "necessarily renders all other facts immaterial." *Celotex,* 477 U.S. at 323.

The party seeking summary judgment on a claim on which the non-moving party bears the burden of proof at trial may discharge its burden by showing an absence of evidence to support the non-moving party's case. *Celotex,* 477 U.S. at 325. A plaintiff's self-serving statements, which are speculative or which lack a foundation of personal knowledge, and which are unsupported by specific concrete facts reflected in the record, cannot preclude summary judgment. *Albiero v. City of Kankakee,* 246 F.3d 927, 933 (7th Cir. 2001); *Stagman v. Ryan,* 176 F.3d 986, 995 (7th Cir. 1999); *Slowiak v. Land O'Lakes, Inc.,* 987 F.2d 1293, 1295 (7th Cir. 1993).

**DISCUSSION**

**1. Motion for Summary Judgment.**

This is a personal injury action brought in this court pursuant to 28 U.S.C. § 1332 on the basis of diversity jurisdiction. May is a resident of Illinois and Tschuor is an Indiana corporation. On June 30, 2006, May was employed by Godwin Pumps of America, Inc., working out of the company's Lansing, Illinois, location.[3] That morning he left his employer's location and drove a flatbed truck to Ball State University in Muncie, Indiana. Once he arrived in

---

[3] This brief factual summary is taken from May's response brief, pages two through four. Additional facts, especially disputed ones, are discussed below as they become relevant to the court's analysis.

3

Muncie May parked his truck in a parking lot where he was supposed to pick up cargo consisting of industrial hosing and pumps that Tschuor had rented from Godwin Pumps.[4] This hosing was large, with each piece being about 12 inches in diameter and up to 30 feet long. Shortly after he arrived in the parking lot, two men pulled up in a pickup truck. The men got out of the truck, walked somewhere else, then returned with one of them driving a forklift. May stood on the flatbed of his truck while the forklift driver loaded the pumps and hosing onto the flatbed. When May's truck was fully loaded (or perhaps nearly so), May says the forklift driver somehow "jolted" the flatbed, which in turn caused May to fall and sustain physical injuries. May sought medical treatment from various medical providers following this incident and brings this action seeking damages from Tschuor. May contends that the forklift operator, whom May alleges was a Tschuor employee, was negligent in the way he operated the forklift and that this alleged negligence was the proximate cause of his injuries. In its motion for summary judgment, Tschuor argues that May presents no evidence that the forklift operator was a Tschuor employee and no evidence that Tschuor breached any duty it arguably may have owed to May. In other words, according to Tschuor, May fails to establish the elements of a cause of action for negligence, or even to raise a fact issue relating to such a claim, and defendant is entitled to summary judgment.

---

[4] May states that "Godwin Pumps' principle activity at its Lansing[,] Illinois facility is the sale, rental, service and transportation of industrial pumps, associate pipe and hose products, and related parts. . . . Godwin Pumps maintains its own fleet of trucks with drivers to support the delivery and pick up of pumps, pipe, hose and related parts at designated locations as directed by customers." Plaintiff's Response, p. 2.

Both sides agree that Indiana law applies to this case. Under Indiana law, a plaintiff asserting a cause of action for negligence must prove that: (1) the defendant owed him a duty of care; (2) the defendant breached that duty; and (3) the breach was the proximate cause of the plaintiff's injuries. *Jones v. Indiana Bell Telephone Co.*, 864 N.E.2d 1125, 1127 (Ind.Ct.App. 2007). In the present case, Tschuor argues that May cannot establish any of the prongs of his negligence claim and, consequently, the company is entitled to judgment as a matter of law. According to Tschuor, May "can only speculate as to the cause of his accident." Defendant's Memorandum, p. 1. This is because May "failed to conduct any discovery either before or after his deposition to determine if his assumption [that the forklift driver was an employee or agent of Tschuor] was, in fact, correct." *Id.*, p. 5. Indeed, May states in his memorandum, and testified in his deposition, that he *assumes* the forklift driver was an agent or employee of the defendant because "he signed the manifest." Plaintiff's Memorandum, p. 3. May explains that he assumed the forklift driver was employed by the defendant because he signed the bill of lading prior to loading the equipment onto May's truck. Tschuor argues that this is nothing more than speculation and assumption and cannot serve to support May's allegation of negligence against the company. In fact, May's testimony on this point during his deposition was as follows:

> Q. Okay. Now, you claim that this was an employee of Gale Tschuor who was present at the time of the accident and, do I understand, who was driving the forklift; is that correct?
>
> A. Yes.
>
> Q. Do you know, what was his name?
>
> A. I don't know. It was on the manifest, the bill of [lading] of the items that I needed to pick up.
>
> Q. Now, how do you know that he was an employee of Gale Tschuor?

> A. Well, because *most of the time*, Gale Tschuor *usually has someone from their company sign their manifest or their bill of [lading]*. . . . So I just *automatically assume* most of the time when we go drop off items to customers, there's someone representing the company there to sign for it, and they're a representative of the company.
>
> Q. So you're assuming that the driver of the forklift was a Gale Tschuor employee because of what was listed on the manifest?
>
> A. Yes. Yes, he signed his name on it.
>
> Q. Did he ever identify himself as an employee of Gale Tschuor?
>
> A. No.
>
> Q. Okay. So that's–so your identification of him as a Gale Tschuor employee is an assumption based on the manifest; is that correct?
>
> A. Yes.

Plaintiff's Designation of Evidence, Deposition of Cornelius May, pp. 27-29 (italics added).[5] As reasonable as this assumption may sound, it is still just that–an assumption. May assumes that the forklift driver was an agent or employee of Tschuor Company because the man signed a manifest or bill of lading prior to loading the equipment onto May's truck. The problem, as Tschuor points out, is that May never conducted any discovery to obtain proof of this crucial fact (or to at least obtain evidence that would raise a fact issue concerning whether the forklift driver was a Tschuor employee).[6] May is asking this court to find a genuine issue of material fact

---

[5] Citations to the page numbers of the exhibits submitted by the parties are to the numbers assigned to those exhibits by the court's electronic docketing system and may or may not coincide with the original page numbers placed on those exhibits by the parties at the time they were created.

[6] Tschuor also points out that "the Plaintiff has not submitted the manifest into evidence, nor designated it as evidence in opposition to Defendant's Motion for Summary Judgment. Plaintiff's testimony regarding the contents of the manifest, which form the only basis for his speculative identification, is therefore inadmissible, as it is a violation of the best evidence rule." Defendant's Reply, p. 3, n. 1 (citing Fed.R.Evid. 1002). The court agrees that May's failure to

based on May's speculation and assumption. May presents no authority, nor was the court able to find any, to support his apparent argument that a fact issue can be created based on a plaintiff's assumption or speculation. Again, it doesn't matter how reasonable the assumption may appear on its face. The fact is, May presents no evidence concerning the identity of the forklift driver.

May attempts to counter this argument by pointing out that "[d]espite repeated requests by plaintiff's counsel, both orally and in writing, to depose the defendant's employees, the defendant refused to identify its employees who were present at the accident until June 18, 2009 (12 days prior to the close of discovery), when it finally amended its initial disclosures." Plaintiff's Memorandum, pp. 2-3.[7] However, the record is also clear that despite this allegedly late disclosure, May himself never sought an extension of the discovery deadline to conduct such depositions (assuming he needed additional time, which is what he implies). Tschuor responds by stating that "Plaintiff was fully aware of the identities of all potential witnesses prior to the expiration of the discovery deadline. Despite having this knowledge, Plaintiff neither conducted discovery within the time allotted by this Court, nor moved for an extension of that deadline. The responsibility for Plaintiff's failure to conduct discovery, then, rests solely at his own feet."

---

designate this document as an exhibit is curious. What is more troubling, though, is that May never conducted a single deposition of any Tschuor employee or agent, during which he presumably could have easily established the identity of the person who signed that document.

[7] Tschuor also explains why it did not respond to plaintiff's counsel's alleged "repeated requests" for the names of potential witnesses until 12 days before the close of discovery. Tschuor states that "[i]n light of the difficulties caused by Plaintiff's counsel during the discovery phase of this case, of which this Court is well aware in light of the multiple sanctions it has handed down against Plaintiff's counsel, Defendant requested that any and all such requests be handled through the formal discovery procedures. *Plaintiff never issued formal discovery to determine the identity of possible witnesses*." Defendant's Motion to Strike, docket at 67, p. 3, n. 1 (italics in original).

7

Defendant's Reply, p. 6, n. 2. Also, Tschuor points out that when it amended its initial disclosures to include the names of two men who were or may have been witnesses to the alleged accident, it did "not identify either man as the forklift operator . . ." and only identifies one of those men as a Tschuor employee. *Id.*, p. 4. Thus, once again, May is assuming or speculating that one of these two witnesses was the forklift driver. But the fact remains, even if these disclosures were made close to the end of the discovery period, May did nothing to pursue the matter, either by conducting the most basic discovery or by asking this court for additional time in which to do so. As a result, what May is attempting to do is create a fact issue based on his own assumptions and speculation, and characterize it as a "reasonable inference." This would require the court to find a genuine issue of material fact based not on evidence in the record, but solely on May's assumption. As Tschuor states it, "Plaintiff premised the entire suit against the Defendant, then, on little more than his 'assumption' that the individual he dealt with was an employee of the Defendant." Defendant's Memorandum, p. 5. Tschuor points out that May "did nothing to confirm these guesses, feelings, or explanations, either at the time of the accident or in the course of this litigation." *Id.*, p. 21.

In support of its position, Tschuor cites several cases holding that a plaintiff cannot base his claims (or his defense to a motion for summary judgment) on mere speculation. In *Daub v. Daub*, 629 N.E.2d 873, 877 (Ind.App. 1994), the Indiana Court of Appeals explained that a "plaintiff's burden may not be carried with evidence based merely upon supposition or speculation. . . . Civil liability may not be predicated purely upon speculation." Tschuor cites many additional cases with similar holdings. These include, among others: *Colen v. Pride Vending Service*, 654 N.E.2d 1159, 1163 (Ind.App. 1995) ("testimony based on conjecture or

speculation is insufficient to support a claim."); and *Beckom v. Quigley*, 824 N.E.2d 420, 424 (Ind.App. 2005) (when claim is based only on speculation as to cause of accident, plaintiff has failed to meet his burden of establishing causation and summary judgment is appropriate).

There is another fundamental problem with May's approach and argument in opposition to Tschuor's motion for summary judgment. In basing his argument on his own assumption, May ignores his own burden of presenting evidence of his claim and turns the burden on Tschuor. But as Tschuor points out, this is not what is required under Fed.R.Civ.P. 56. Tschuor states as follows:

> Plaintiff would have this Court rule that the Defendant is required to submit affidavits conclusively establishing this fact [that the forklift driver was *not* its employee], or to provide detailed explanations which would place its employees elsewhere. However, this is not the law. Federal law does not require the Defendant to prove anything. Rather, once a prima facie case has been made, the burden of proof rests entirely on the Plaintiff. Since the Plaintiff has failed to designate any evidence at all which would place an employee of the Defendant as the forklift operator, the Plaintiff has failed to carry his burden, and summary judgment is appropriate.
>
> Seventh Circuit case law clearly stands for the proposition that nothing in Federal Rule of Civil Procedure 56 "requires a moving party to negate an essential element of an opponent's claim for which the opponent will bear the ultimate burden at trial." *Bank of Illinois v. Allied Signal Safety Restraint Systems*, 75 F.3d 1162, 1168 (7th Cir. 1996). A moving party bears only the responsibility of "informing the district court of the basis for its motion and identifying those portions of the record, if any, which it believes demonstrate the absence of a material fact.;" after that, the non-moving party bears "the burden, as the part[y] opposing the motion, of coming forward with affirmative evidence proving their allegation[s]." *Id*.

Defendant's Reply, p. 2. Therefore, Tschuor concludes, "the relevant inquiry before the Court is not whether Defendant has proven that its employee was not the forklift operator. Instead, the only relevant inquiry is whether the Plaintiff has submitted evidence proving that an employee of the Defendant was the operator." *Id*., pp. 2-3. Tschuor is correct. May has failed not only to

9

present probative evidence establishing that an employee or agent of the defendant was the forklift driver (or even evidence sufficient to raise a fact issue about it), he has failed to present any evidence whatsoever. Tschuor is entitled to summary judgment as a result.

Tschuor argues that it is entitled to summary judgment for another reason also. Even assuming, for the sake of argument, that the forklift driver was a Tschuor employee, the defendant points out that May's attempt to establish that the forklift operator breached any duty of care is also based on plaintiff's own speculation and conclusion. Tschuor presents a thorough and detailed discussion on this issue in its briefs, but the court concludes that a summary of this argument is all that is necessary given the court's conclusion that May's claim cannot survive summary judgment.

Tschuor argues May has failed to present any evidence to establish that any employee or agent of the defendant breached any duty of care owed to May–another essential element of a prima facie case of negligence under Indiana law. Defendant's Memorandum, pp. 5-15. Tschuor notes that May "alleges that he fell because of a 'jolt' to the truck, causing him to lose his grip on the hose he was holding and then fall off of the back of the truck. However, Plaintiff repeatedly stated that he does not know the cause of that jolt." *Id.*, p. 8. Tschuor quotes from the following excerpt from May's deposition:

> Q. Okay. Now you said–you said, "It shifted." What do you mean? Shifted what?
>
> A. Well when he went in, *I don't know* if he got caught up over here on this top flange as he was bringing the hose across these forks, okay (indicating), so he's coming, he's coming, he's trying–you know, that's not really center, but he's coming and he's bringing it in. And *I don't know* if this was up too high as he brought it in (indicating)--
>
> Q. Now, when you say "this"–

10

A. The flange–the other flanges that are on the flatbed already.

Q. Okay.

A. So *I don't know* if he had it up too high, and then when he set it down, he, like, rocked it, jolted it, and the next thing I know, I go flying.

. . .

A. Okay. And he's coming, yeah, he's loading. He's loading, yeah. He's bringing it. And then, you know, I'm back here in the back. And after–*I guess, I don't know*, sometime because of the weight of the forks and because of the other hoses that are on the bottom, you know, when he lowers it, drops it, the forks could get, like, you know, wedged in between, and he's got to swivel it a little bit to bring it out.

So what I'm thinking is *maybe* he, you know, lift (sic) up and swivelled up and swivelled it, and then it just shifted.

. . .

A. And if he was–*I don't know* if he was trying to shift it or what he was doing with it as he was bringing it.

. . .

Q. Okay. So then immediately before the accident, were you watching the person driving the forklift as he was loading the equipment?

A. You know, it happened so fast. *I really can't remember*. I was holding on, and I was looking, I was looking. I mean, I could have blinked. You know, I could have looked at him as he was coming. I could have turned away. It just happened so fast.

. . .

Q. But you didn't see that [the forklift operator allegedly shifting the hoses] happen in this case, though?

A. *No*. I mean, *I couldn't have seen it*. I was off the truck before I knew it.

*Id*., pp. 8-9 (quoting from Defendant's Designation of Materials, Deposition of Cornelius May) (italics in original). Once again, argues Tschuor, May is simply guessing or theorizing about

11

what might have caused the alleged "jolt" to his truck and caused him to fall. Since he conducted no discovery in this case, he has no evidence to support his theory of how the accident occurred and must rely, yet again, on his own speculation and guesswork.[8] For this reason, contends Tschuor, the company would be entitled to summary judgment even if May had proved that the forklift operator was one of Tschuor's employees. "With no evidence in the record which would indicate that the [Defendant's employee] was operating the fork lift in a negligent manner, a determination that there was no breach of duty can be made by this Court as a matter of law." *Id.*, p. 23. Tschuor readily concedes that "generally, breach is a question of fact to be determined by a jury. However, the issue of breach can be a question of law where the material facts are not in dispute." *Id.* (citations omitted). In this case, the facts are not in dispute since the only "evidence" in the record as to the issue of breach is May's own speculation. Obviously, if May had conducted discovery and ascertained that the forklift operator was, in fact, an employee of Tschuor, he could have then deposed that individual. If that individual gave a different version of the facts or claimed that the accident happened in a way other than the way May theorizes, then a jury would have to resolve the issue of whether Tschuor breached a duty to May. But the record in this case is devoid of any such evidence and so May fails to establish a fact issue on the element of breach and Tschuor is entitled to summary judgment for this reason

---

[8] Tschuor also points out in its supporting memorandum that May testified in his deposition that the forklift operator was loading the flatbed truck according to May's own instruction and direction. Defendant's Memorandum, p. 1. In fact, May did state explicitly that he directed the forklift operator to load May's flatbed truck in a particular way, and that the operator followed May's directions. *Id.*, pp. 5-6 (quoting excerpts of Deposition of Cornelius May). Thus, argues Tschuor, the forklift operator could not have breached a duty of care because May himself "directed the fork lift operator regarding how to load the truck, and the fork lift operator followed those directions." *Id.*, p. 5. The court need not discuss this issue, however, since May's claim fails even before it reaches the issue of whether there was a breach of duty.

also.

It is well established that in order to survive a motion for summary judgment, a plaintiff must present sufficient probative evidence that a fact issue exists and cannot simply rely on his own speculation, assumptions or conclusions. *See, e.g., Dana Corporation v. American Standard, Inc.*, 866 F.Supp. 1481, 1497-98 (N.D. Ind. 1994) ("plaintiffs had to make a showing, whether directly or indirectly, through evidence that had 'probative value,' meaning that there had to be something more than testimony that something 'could be' or 'might be'; there had to be evidence of something beyond a witness effectively saying that 'anything's possible,' as such evidence [is] not sufficient to support a finding."). In order to defeat a motion for summary judgment, "the opposing party must 'go beyond the pleadings' and 'designate specific facts show[ing] that there is a genuine material issue for trial.' . . . The non-moving party cannot rest on its pleadings . . . nor may that party rely upon conclusory allegations . . ." *Whitesell v. Bradshaw Ins. Group, Inc.*, 321 F.Supp.2d 983, 985-86 (N.D. Ind. 2004). This is precisely what May is attempting to do in this case–defeat a motion for summary judgment by recharacterizing or masquerading his own assumptions, conclusions and speculation as probative evidence in an attempt to raise fact issues. Since such a position is clearly inappropriate and insufficient, Tschuor is entitled to summary judgment in its favor on May's claim.

**2. Defendant Tschuor's Motion to Strike.**

In this motion, Tschuor asks the court to strike portions of May's response in opposition to defendant's motion for summary judgment. Specifically, Tschuor argues that since May conducted no discovery in this case, he should not be permitted to present his own conclusions and assumptions as "evidence." Tschuor points out that a party opposing a motion for summary

judgment "may not simply designate unsupported statements and expect a trail court to rely on those statements. Instead, each and every fact relied upon by an opposing party must be supported by 'the depositions, discovery responses, affidavits and other admissible evidence on file." Defendant's Motion to Strike, p. 2 (quoting Local Rule 56.1(b)). Tschuor then goes on to argue that many (indeed, most) of the statements May presents as factual in his brief are unsupported in the record and should be stricken. *Id*., generally. In light of the court's determination that Tschuor is entitled to summary judgment in this case notwithstanding May's unsupported statements, the motion to strike is rendered MOOT.

### 3. Plaintiff May's Motion to Strike.

In his own motion to strike, May asks the court to strike Tschuor's motion and its supporting memorandum in their entirety. He bases this motion on the fact that Tschuor's memorandum is 28 pages long and "Local Rule 7.1(d) states that 'except by permission of the court, no brief shall exceed 25 pages in length . . . Permission to file briefs in excess of these page limitations will be granted only upon motion supported by extraordinary and compelling reasons.'" Plaintiff's Motion to Strike, p. 6. Plaintiff is correct that defendant's brief exceeds the page limitations set forth in this court's local rules. The local rules, like the Federal Rules of Civil Procedure, exist for a reason. Strict adherence to those rules ensure the efficient operation of the court and help to expedite the litigation process, which benefits the parties as well as the court. Having said that, Tschuor's relatively minor transgression in this case does not warrant, in the court's opinion, the extreme remedy of striking the motion and supporting memorandum altogether. Also, when a party seeks such a harsh equitable remedy for an opposing party's breach of the local rules (or the Federal Rules), the moving party should come with proverbial

"clean hands." In this instance, May opposed summary judgment by using assumptions and conclusions that were unsupported by the evidence. Also, it is undisputed that May did not even engage in any formal discovery during the pendency of this case. Nonetheless, he was able to present his arguments in opposition to Tschuor's motion to the court. Finally, while Tschuor's own motion to strike had a solid legal basis, the court did not strike May's brief (or portions of it) and proceeded to consider May's arguments even though they were ultimately unsuccessful. Also, Tschuor points out that May himself violated a procedural rule by not filing his motion to strike "'before responding to' the subject filing." Defendant's Response in Opposition to Plaintiff's Motion to Strike, p. 1 (quoting Fed.R.Civ.P. 12(f)(2)). Indeed, just as Tschuor failed to comply strictly with Local Rule 56.1, May failed to comply strictly with Fed.R.Civ.P. 12. For these reasons, fairness dictates that Tschuor should receive some leeway also for its minor transgression.[9] May's motion to strike is therefore DENIED.

### 4. Motion for Leave to Intervene by Godwin Pumps.

Godwin Pumps seeks leave to intervene in this case because the company "paid all medical bills of the Plaintiff as a result of the injuries alleged from the incident [giving rise to this lawsuit]." Motion for Leave to Intervene, p. 2. As a result, states Godwin, it has "a right of reimbursement . . . out of the amount received by an employee in any action brought by that employee or his personal representative equal to the amount of the workers' compensation benefits previously paid to the employee or his personal representative." *Id*., p. 3 (citing *Bart v. Union Oil Company*, 603 N.E.2d 77 (Ill.App. 1992) and 820 Ill.Comp.Stat. § 305/5(b)). Godwin

---

[9] Defense counsel is cautioned, however, to pay strict attention to the local rules of this court in the future and to move for leave of court if the need to file a brief in excess of the page limitations presents itself in future cases.

claims that if the company "is not allowed to intervene in this action, it may impair or impede Petitioner's ability to protect its interests pursuant to" the applicable provisions of the Illinois Workers' Compensation Act. *Id*.

The court is not convinced that intervention is necessary to protect any subrogation claim or right of reimbursement Godwin may have pursuant to the Illinois Workers' Compensation Act. But be that as it may, the motion will be denied because it was not timely filed. Godwin acknowledges in its motion that "Federal Rule of Civil Procedure 24(a)" permits intervention if the petitioner shows "(1) timeliness; (2) an interest relating to the subject matter of the main action; (3) at least potential impairment of that interest if the action is resolved without the intervenor; and (4) lack of adequate representation by existing parties." *Id*., p. 2 (citing *Reid v. Ill. St. Bd. of Education*, 289 F.3d 1009, 1017 (7th Cir. 2002)). The purpose of the timeliness requirement is "to prevent a tardy intervenor from derailing a lawsuit within sight of the terminal." *Sokaoagon Chippewa Community v. Babbitt*, 214 F.3d 941, 949 (7th Cir. 2000).

This lawsuit was filed on June 9, 2008. Now, nearly two full years after the filing of this action, Godwin has concluded that it needs to intervene to protect its reimbursement claim. Godwin offers no explanation whatsoever for why it took two years for the company to determine that it needed to intervene in this case. Godwin merely states that it "has filed this motion upon learning that the subject lawsuit might affect its right of reimbursement." *Id*., p. 3. In addition, Godwin states in its motion that the workers' compensation settlement between the company and May was "approved by authority of the Illinois Workers' Compensation Commission on September 21, 2007[.]" Thus, Godwin's reimbursement claim presumably arose even before this case was filed. Again, assuming intervention is even necessary to protect a right

16

of reimbursement, a right that would seem to exist automatically under workers' compensation law, Godwin does not explain why it failed to move to protect that right sooner than two years after the filing of this case. Godwin does not state, for example, that it was completely unaware of the existence of this lawsuit, that there was some change in the Illinois Workers' Compensation Act that caused the company to fear that its right of reimbursement was not protected, or some other possibly viable explanation. Obviously, given the court's conclusion that Tschuor is entitled to summary judgment, Godwin's motion to intervene is essentially rendered moot. Nonetheless, given the remarkably tardy submission of the motion, the court will deny it for that reason.[10]

---

[10] In its response in opposition to Godwin's motion, Tschuor urges the court to deny the motion for two reasons. Tschuor points out the tardy nature of the filing and also states that defense counsel notified Godwin Pumps of this lawsuit on December 5, 2008, when it requested copies of May's employment records. Defendant's Brief in Opposition to Motion to Intervene, p. 2. Tschuor also argues that Godwin has no right to intervene since May's workers' compensation claim was paid by Gallagher Bassett Services, a company identified in the workers' compensation settlement documents as Godwin's insurance company or service company. *Id*. Therefore, argues Tschuor, "Godwin paid nothing to the Plaintiff as a result of the alleged accident. Instead, all sums were paid by Gallagher Bassett Services, Godwin's workers' compensation insurer." *Id*. So, according to Tschuor, Godwin Pumps has no subrogation rights or right of reimbursement. This is of no moment, however, since the court has concluded that Godwin's motion should be denied as untimely.

## CONCLUSION

For the reasons set forth above, the motion for summary judgment filed by the defendant, Gale Tschuor Company, Inc., is GRANTED; the motion to strike filed by defendant Tschuor Company is MOOT; the motion to strike filed by plaintiff May is DENIED; and the motion to intervene filed by petitioner Godwin Pumps of America is DENIED.

Date: May 5, 2010.

    /s/   William C. Lee
William C. Lee, Judge
United States District Court